### CLARK v. POND CREEK MILL & ELEVATOR CO.

Circuit Court of Appeals, Seventh Circuit.
November 20, 1929.

No. 4035.

David D. Stansbury, of Chicago, Ill., for appellant.

James D. Woley, of Chicago, Ill., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and WOODWARD, District Judge.

PER CURIAM. Following reversal here of a judgment which had been given in favor of appellant (270 F. 482), the cause was retried, and at the close of appellant's case the court directed a verdict for appellee, and gave judgment accordingly.

The facts disclosed by this record are, in all essential respects, as in the prior record, and as stated in our former opinion. There was no evidence of any trade custom or usage respecting the term "Basis Chicago," as employed in the contracts.

The former decision of this court became the law of the case, and was binding upon the District Court in so far as a like situation was presented on the retrial, which, being the same as on the first trial, left the District Court no alternative but to direct the verdict as was done.

It is contended for appellant that this court was clearly in error in its prior holding that "Basis Chicago," in the context, and under the circumstances wherein it was by the parties employed, had reference only to price, and not to place of delivery; and that we should now hold otherwise and reverse this judgment.

We are satisfied that our conclusion therein as indicated by our former opinion is correct; that the contracts, made in Oklahoma, provided for delivery there; and that the Illinois statute of limitations, giving effect as it does to the applicable statute of limitations of the state of Oklahoma, bars the action here.

The judgment is affirmed.